6. Plaintiff adopted the mark DURACOAT and used it in interstate commerce for coatings in the nature of firearms finishes. On 23 October 2002, Plaintiff filed an application for registration of said mark in the United States Patent and Trademark Office (herein "USPTO"). On 06 July 2004, said mark was registered in the USPTO on the Principal Register under the Act of 1946 as Registration Number 2,861,427 covering the use of said mark on coatings in the nature of firearms finishes. A true and correct copy of USPTO registration number 2,861,427 is attached hereto and marked as **Exhibit A**. Plaintiff has filed with the USPTO an affidavit of use of said mark as required by 15 U.S.C.A. § 1058(a). The validity of the registered mark and of the registration of the mark, registrant's ownership of the mark, and Plaintiff's exclusive right to use said registered mark in commerce for the above mentioned goods are incontestable under 15 U.S.C.A. § 1065, and 15 U.S.C.A. § 1115(b), as plaintiff has filed the required affidavit with the USPTO. Said registration is now valid and subsisting. A true and correct copy of the status sheet from www.uspto.gov for USPTO registration number 2,861,427 is attached hereto and marked as **Exhibit B**. Since 2005, Plaintiff has given notice that its mark is registered in the USPTO by displaying with the mark as used the letter R enclosed within a circle.

7. Continuously since on or about 06 July 2000, Plaintiff has used the mark DURACOAT to identify its coatings in the nature of firearms finishes and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark DURACOAT on the goods, their containers and the displays associated therewith. In addition, plaintiff has prominently displayed said mark on store fronts, letter heads, bills, direct mail advertising, telephone directory advertising, website, and in periodicals distributed throughout the United States.

8. Plaintiff since at least as early as the year 2001 and continuously thereafter has used the

trademarks LAUER and LAUER CUSTOM WEAPONRY ("LAUER" marks) to identify a line of firearm finishing products. In the years since 2001 and continuously thereafter, Plaintiff has added lines of firearms, firearm accessories, and firearm finishing accessories applying the LAUER marks to each product. Since 2001 and continuously thereafter, Plaintiff has sold and shipped in interstate and international commerce its firearm finishes, firearms, firearm accessories, and firearm finishing accessories bearing the LAUER marks. Since at least as early as 2001 and regularly thereafter Plaintiff sold directly to customers in the Northern District of Illinois and has shipped product bearing the LAUER marks to those customers in the Northern District of Illinois. The LAUER marks have grown to possess substantial goodwill due to extensive annual sales and extensive advertising. Since at least as early as 2001, Plaintiff and its distributors and retailers have used the LAUER marks to sell the above identified product in the United States and have promoted products using the LAUER marks in promotional activities including advertisements and online marketing.

9. In or about 2002, Defendant approached Plaintiff to ask help marketing its firearm finish citing Plaintiff's success with DURACOAT. Plaintiff was a customer of Defendant through the Spring of 2014.

10. Defendant has never been a distributor or a seller of any products or services of Plaintiff including any product or services identified with either Plaintiff's DURACOAT mark or LAUER marks nor has Defendant ever been licensed to use either Plaintiff's DURACOAT mark or its LAUER marks.

11. In November 2014, Plaintiff used the Google search engine on the World Wide Web (www.google.com) and in return for various search prompts received the received results