C. Constructive Notice

15. Plaintiff's federal registration of its DURACOAT mark on the Principal Register is constructive notice of Registrant's claim of ownership thereof pursuant to 15 U.S.C. Section 1072.

### Count One

(Federal Trademark Infringement, Unfair Competition and False Designation of Origin)

16. Plaintiff incorporates by reference the allegations contained in paragraphs 1-15 above.

17. Defendant's unauthorized use of DURACOAT is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of its DURACOAT mark and Plaintiff's registered DURACOAT mark, or as to origin, sponsorship, or approval or its goods or commercial activities by another in violation of 15 U.S.C. Section 1125(a).

18. On information and belief, the infringement of Plaintiff's DURACOAT mark by Defendant has been willful and intentional.

19. Defendant's unauthorized use of the LAUER marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of its LAUER mark with Plaintiff's LAUER mark, or as to the origin, sponsorship, or approval of its goods or commercial activities by another in violation of 15 U.S.C. Section 1125(a).

20. Due to the intentional nature of Defendant's acts, this is an exceptional case in which Plaintiff is entitled to treble damages, attorney's fees and costs pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. Section 1117(a).

21. By reason of the foregoing acts of Defendant, Plaintiff has sustained substantial injury and damage and, unless enjoined, will continue to sustain substantial injury and damage.

Defendant has unlawfully and wrongfully derived income and profits and has been unjustly enriched as a result of the foregoing acts.

22. Plaintiff has no adequate remedy at law to compensate fully for the damage Defendant's actions have caused and will cause until Defendant is stopped. Among other damages, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of its DURACOAT mark and Plaintiff's registered DURACOAT mark, or to confuse Plaintiff's customers and potential customers as to origin, sponsorship, or approval or its goods or commercial activities of Plaintiff. Among other damages, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of its LAUER mark and Plaintiff's LAUER marks, or to confuse Plaintiff's customers and potential customers as to origin, sponsorship, or approval or its goods or commercial activities of Plaintiff.

## Count Two

(False Advertising under Section 43(a) of the Lanham Trademark Act)

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. On information and belief, Defendant's search engine advertising on Google and other search engines throughout the United States of banner headlines that prominently included Plaintiff's DURACOAT and LAUER trademarks mislead consumers into believing that consumers could find and purchase Plaintiff's goods and services identified by Plaintiff's DURACOAT and LAUER trademarks through Defendant on its website.

25. On information and belief, Defendant's advertising included the DURACOAT and LAUER trademarks and that advertising also functioned as hyperlinks that when clicked on by a