41. Plaintiff has no adequate remedy as law to compensate fully for the damage Defendant caused and will cause until Defendant is stopped.

## Count Four

(Violation of Lanham Act by Use of False Designation in Interstate Commerce)

42. Plaintiff hereby re-alleges, as if fully set forth the allegations of paragraphs 1 through 41 inclusive.

43. Defendant has caused firearms finishes to enter into interstate commerce with the designation and representation DURACOAT or LAUER connected therewith. Said use of DURACOAT or LAUER is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of such firearm finishes by Plaintiff. These acts are in violation of 15 U.S.C.A. § 1125(a), in that Defendant has used in connection with goods and services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of defendant with plaintiff and as to the origin, sponsorship, and approval of Defendant's goods, services and commercial activities by Plaintiff.

## Count Five

(Illinois Uniform Deceptive Trade Practices Act)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above as if pleaded herein and further alleges as follows:

45. Pursuant to 815 ILCS 510/1 et seq., Plaintiff since at least as early as 2001 and up until the present has been engaged in the manufacture and sale of firearms, firearms finishes, and related products and services under the trademarks DURACOAT, LAUER, and LAUER

CUSTOM WEAPONRY and has used those marks in Illinois and throughout the United States. Plaintiff and its sellers have promoted its goods and services in the markets in which it sells.

46. Plaintiff has adhered to a policy of manufacturing and selling the highest quality products at reasonable prices yielding consumers an excellent value. Plaintiff has a reputation for quality. When Plaintiff entered the firearms finishes business, Plaintiff surveyed the marketplace and noted that the trademarks of its competitors. In an effort to distance itself from its competitors, Plaintiff adopted its DURACOAT and LAUER marks that it consistently used across its line since that time.

47. Plaintiff has spent substantial sums for advertising and has built a substantial business identified by its DURACOAT and LAUER marks.

48. On information and belief and in contravention of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/2, Defendant has (1) passed off goods as those of Plaintiff; (2) caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods; (3) caused likelihood of confusion or of misunderstanding as to affiliation, connection or association with Plaintiff; (4) represented that the goods have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that Defendant does not have with Plaintiff; (5) represents that goods are of a particular standard, quality, or grade or that such goods are of a particular style or model, but they are of another; (6) disparages the goods or business of another by false and misleading representation of fact; (7) advertises goods or services with intent not to sell them as advertised; (8) engages in other conduct which similarly creates a likelihood of confusion or of understanding.

**Count Six**