(Unfair Competition by Infringement of Common-Law Rights)

49. Plaintiff hereby re-alleges, as if fully set forth, the allegations of paragraphs 1 through 14, inclusive.

50. Said acts of defendant constitute unfair competition and an infringement of plaintiff's common-law rights in said mark DURCOAT.

51. Said acts of defendant constitute unfair competition and an infringement of plaintiff's common-law rights in said mark LAUER.

52. Continuously since on or about 2001 Plaintiff has used the mark DURACOAT and to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark DURACOAT on the goods, their containers and the displays associated therewith. In addition, Plaintiff has prominently displayed said mark on store fronts, letterheads, bills, direct mail advertising, radio and television advertising, telephone directory advertising, its website and in periodicals distributed throughout the United States. Said goods and advertising have been distributed in the trade area where defendant is doing business. As a result of said sales and advertising by Plaintiff under said mark, said mark has developed great and substantial good will in said mark and now has a secondary and distinctive trademark meaning. Said mark has come to indicate to said purchasers a meaning of firearms finishes originating only with Plaintiff. As a result of said association by purchasers of the mark DURACOAT with Plaintiff, Defendant's said use of the mark and name DURACOAT is likely to cause confusion of said purchasers.

53. Continuously since on or about 2001 Plaintiff has used the mark LAUER to identify its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark LAUER on the goods, their containers and the displays

associated therewith. In addition, Plaintiff has prominently displayed said mark on store fronts, letterheads, bills, direct mail advertising, radio and television advertising, telephone directory advertising, its website and in periodicals distributed throughout the United States. Said goods and advertising have been distributed in the trade area where defendant is doing business. As a result of said sales and advertising by plaintiff under said mark, said mark has developed and now has a secondary and distinctive trademark meaning to purchasers in defendant's trade area. Said mark has come to indicate to said purchasers a meaning of firearms finishes originating only with Plaintiff. As a result of said association by purchasers of the mark LAUER with Plaintiff, Defendant's said use of the mark and name LAUER is likely to cause confusion of said purchasers.1

54. Defendant has infringed plaintiff's mark as alleged herein with the intent to deceive the public into believing that goods sold by Defendant are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiff, and with the intent to deceive and defraud the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. Where the Court finds Defendant liable for a violation under any of Count One, Count Two or Count Four, Plaintiff prays that the Court provide preliminary and permanent injunctions; compensatory and treble damages; corrective advertising; and award of attorneys' fees, expenses and costs; such other and further relief as it shall deem just.

2. Where the Court finds Defendant liable for a for a violation under Count Three, Plaintiff prays that the Court provide preliminary and permanent injunctions; compensatory and treble